FILED
SUPERIOR COURT
OF GUAM

2018 APR 16 PM 4: 08

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE GOVERNMENT OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>**179 SQUARE METERS, MORE OR LESS, SITUATED IN THE MUNICIPALITY OF MERIZO, GUAM; RODNEY BARCINAS CRUZ AS ADMINISTRATOR OF THE ESTATE OF IGNACIO BABAUTA CRUZ and UNKNOWN OWNERS,**<br><br>Defendants. | **Civil Case No. CV0837-14**<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 22, 2018 for a hearing upon the Government of Guam's ("Government") Motion for Summary Judgment. During the hearing, Assistant Attorney General David J. Highsmith appeared on behalf of the Government and Attorney Vincent Leon Guerrero appeared on behalf of Defendant Rodney B. Cruz ("Defendant" or "Mr. Cruz"). Based on a review of the pleadings, applicable statutes, and arguments of counsel, the Court now issues its Decision and Order and GRANTS the Government's Motion for Summary Judgment.

**ORIGINAL**

## BACKGROUND

On September 11, 2014, the Government initially filed the underlying Complaint to Acquire Property Through Eminent Domain ("Complaint") seeking to obtain land for the reconstruction and widening of the Bile and Pigua bridges, which the Government contends is "an integral part of an island-wide road improvement plan." (Compl. at ¶ 4, Sep. 11, 2014; Am. Compl. at ¶ 4, Mar. 10, 2017.) The property the action concerns is Lot 150-R3-1R/W (the "Property"), a parcel of land in the Municipality of Merizo containing 179± square meters, as reflected in Drawing No. DCAI-S-11-26, Map No. L.M. 064 FY 2012, which was recorded with the Department of Land Management on February 17, 2017 as Instrument No. 903322 ("2017 Revised Map"). (Am. Compl. at ¶ 2, Mar. 10, 2017.) At the time the Complaint was filed, the Government deposited a total of $23,600.00 with the Court reflecting its initial estimate of just compensation to the purported landowners of the Property. (Clerk's Receipt of Deposit, Sep. 11, 2014.) Pursuant to the requirements of 21 G.C.A. § 15107, a Declaration of Taking was filed with the Court at the time of the deposit of funds. (Decl. of Taking, Sep. 11, 2014.)

In the initial Complaint, the Government identified the heirs and legatees of Ignacio Barcinas Cruz (deceased), as the landowners of the Property, specifically, Mr. Cruz and Ms. Donna Mullikin ("Ms. Mullikin")[1]. The Government also named Bank of America National Trust & Savings Association as a defendant, however, the party was later dismissed from the underlying action. (<u>See</u> Stip. of Dismissal of Compl. Against Bank of America Natl. Trust and Savings Assoc., Dec. 23, 2014.)

On March 11, 2016, Mr. Cruz filed an Answer which was later amended on March 31, 2016. In his Amended Answer and Counterclaim, Mr. Cruz sought compensation from the

---

[1] Ms. Mullikin was removed as a party in the Government's Amended Complaint. (<u>See</u> Am. Complaint, Mar. 10, 2017.)

Government in the amount of $2,000.00 per month for the use and occupancy of a portion of the Property identified as "M08 L150-R3-R1". (<u>See</u> Am. Ans. and Counterclaim at 3, Mar. 31, 2016.) On June 13, 2016, the Government filed their Answer to Mr. Cruz's counterclaim. The Government amended the Complaint and Declaration of Taking on March 10, 2017 therein decreasing the area of taking by 62± square meters, from 240± square meters to 179± square meters. (<u>See</u> Am. Complaint, Mar. 10, 2017; Am. Decl. of Taking, Mar. 21, 2017.)

On April 28, 2017, the Government filed a motion requesting for partial summary judgment as to Mr. Cruz's counterclaim for compensation in the amount of $2,000.00 per month for the use and occupancy of a portion of the Property by the Government. (<u>See</u> Mot. for Summ. Judgment, Apr. 28, 2017.) In a decision issued on September 21, 2017, the Court granted partial summary judgment in favor of the Government therein dismissing Mr. Cruz's counterclaim. (<u>See</u> Dec. and Order on the Govt.'s Mot. for Partial Summ. J., Sep. 21, 2017.)

Following the dismissal of Mr. Cruz's counterclaims, the Government filed the current Motion for Summary Judgment on November 22, 2017. No opposition to the motion was received by Mr. Cruz or any other purported owner of the Property. The Court heard oral arguments on the Motion for Summary Judgment on January 22, 2018 and subsequently took the matter under advisement.

## DISCUSSION

### I. Standard for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Guam R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Rule 56(c) further

mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

There is a genuine issue of material fact if there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder. <u>Guam Pac Enter., Inc. v. Guam Poresia Corp. et al.</u>, 2007 Guam 22 ¶ 8 (*citing* <u>Iizuka Corp. v. Kawasho Int'l (Guam), Inc.</u>, 1997 Guam 10 ¶ 7). The factual dispute must also concern a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." <u>Id.</u>

If the movant demonstrates a lack of a genuine issue of material fact, "the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." <u>Edwards v. Pacific Fin. Corp. et al.</u>, 2000 Guam 27 ¶ 7 (citations omitted). Thus, the ultimate inquiry for the Court is "whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." <u>Flores</u>, 2004 Guam 25 ¶ 7. Finally, in determining a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." <u>Id.</u>

## II. Summary Judgment is Appropriate as a Matter of Law

The Fifth Amendment to the United States Constitution, made applicable to the Territory of Guam by the Organic Act of Guam, "guarantees just compensation when there is a governmental taking of private property for a public purpose." <u>Gutierrez v. Guam Power Auth.</u>, 2013 Guam 1, ¶ 47 (quoting <u>Cepeda v. Gov't of Guam</u>, 2005 Guam 11, ¶ 20) (internal quotations omitted); <u>see also</u> 48 U.S.C. § 1421b(u). Should the Government exercise its power

to acquire land via eminent domain, it must file land condemnation proceedings which require the submission of a declaration of taking describing the land being acquired for public use, among other things. 21 G.C.A. § 15101 *et seq*; Guam R. Civ. P. 71A.

Under Guam law, a landowner's title to property in a condemnation proceeding is divested immediately upon the filing of a declaration of taking and deposit of estimated compensation with the court. <u>See</u> 21 G.C.A. § 15107 ("title to the said lands in fee simple absolute...shall vest in the government of Guam"). Thereafter, absent any other claims or disputes, the Court must determine the landowner's right to just compensation which is "the full and perfect equivalent in money of the property taken." <u>Gutierrez</u>, 2013 Guam 1 ¶ 47 (quoting <u>United States v. Miller</u>, 317 U.S. 369, 373 (1943)) (internal quotations omitted); <u>see also</u> 21 G.C.A. § 15107 ("the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein"). This generally means that an owner is entitled to the fair market value of the property at the time of the taking. <u>Id.</u> at ¶ 48.

Here, the Government has deposited the amount of $23,600.00 as the estimated compensation for Lot 150-R3-1R/W, which is the subject of these condemnation proceedings. The amount deposited by the Government represents the market value of the Property according to an appraisal report from Micronesian Appraisal Associates, Inc. ("MAA Report"). (<u>See</u> Submission (Decl. in Support of Mot. for Summ. J.), Nov. 22, 2017.) The MAA Report was reviewed and confirmed as accurate and reasonable by Ms. Siska Hutapea of Cornerstone Valuation Services, who also determined that the Property had a fair market value of $23,600 in a Review Appraisal Report dated May 2014 ("Cornerstone Appraisal"). (<u>Id.</u> at Ex. A.) There being no dispute to this amount and in consideration of the pleadings and the Cornerstone

Appraisal, the Court finds the amount initially deposited with the Court as appropriate and just compensation for the Property reflecting its fair market value. It is worth noting that Defendant does not dispute the amount of $23,600.00 as inappropriate compensation for the Property as he has not filed any briefings or advanced any arguments whatsoever in opposition to either the Motion for Summary Judgment or the valuation indicated therein for just compensation.

Based on a review of the pleadings, the Government has also sufficiently complied with the requirements of 21 G.C.A. § 15107 in (1) identifying the property taken for public use, as well the interest in said lands, (2) describing the public purpose for the land taking, and (3) identifying the legislative authority for the land taking. (See Am. Complaint, Mar. 10, 2017; Am. Decl. of Taking, Mar. 21, 2017.) Accordingly, the Government has appropriately demonstrated that there is no genuine issue of material fact and that they are entitled to judgment as matter of law.[2]

///

///

///

///

///

///

///

---

[2] The Court notes that under Rule 71 of the Guam Rules of Civil Procedure, a trial may be necessary to determine issues of just compensation. See Guam R. Civ. P. 71A. However, when there is no genuine issue of material fact regarding the fair market value of the property to be taken and no party has opposed a proper Rule 56 motion, the Court believes that summary judgment on this issue may be proper. See Equitrans, L.P. v. 0.56 Acres, No. 1:15CV106, 2016 WL 3982479 *1 (N.D.W.V. July 22, 2016) (listing cases where federal courts have granted summary judgment in condemnation actions regarding the amount of just compensation ); United States v. 1.31 Acres of Land, No. 12-2845, 2013 WL 2289880, *4-5 (W.D. Tenn. May 23, 2013).

## CONCLUSION AND ORDER

For the reasons set forth above, the Court GRANTS the Government's Motion for Summary Judgment. The Court hereby ORDERS the Government to prepare and submit a proposed judgment reflecting the amount of $23,600.00 as just compensation and authorizing the release of such funds to the landowner. The proposed judgment shall be submitted no later than thirty (30) days after the date of this order.

**IT IS SO ORDERED** on this 16th day of April, 2018.



---

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT P-...
I ... that a ... this
o... was ... in the
court box ...
AG , V. Leon Guerrero
... 4/16/18 5 ...
Time: ...
Deputy ... Co...